IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

NOV 10 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

GREAT EASTERN RESORT MANAGEMENT, INC.,
WOODSTONE TIME-SHARE OWNERS ASSOCIATION,
SHENANDOAH VILLAS OWNERS ASSOCIATION,
THE SUMMIT AT MASSANUTTEN OWNERS ASSOCIATION,
REGAL VISTAS AT MASSANUTTEN OWNERS ASSOCIATION,
and
EAGLE TRACE OWNERS ASSOCIATION
    Plaintiffs,

v.

Civil Action No. 5:11CV00123

SKY CABLE, LLC,
ROBERT SAYLOR,
RESORT CABLE, LLC,
EAST COAST CABLEVISION, LLC (d/b/a Resort Cable),
RANDY COLEY,
and
DIRECTV, INC.
    Defendants.

## COMPLAINT

Great Eastern Resort Management, Inc., Woodstone Time-Share Owners Association, Shenandoah Villas Owners Association, The Summit at Massanutten Owners Association, Regal Vistas at Massanutten Owners Association and Eagle Trace Owners Association, by counsel, pursuant to 28 U.S.C. § 1335, for their Complaint against defendants Sky Cable, LLC ("Sky Cable") Robert Saylor ("Saylor"), Resort Cable, LLC ("Resort Cable"), East Coast Cablevision, LLC ("East Coast"), Randy Coley ("Coley") and DirecTV, Inc., ("DirecTV") to interplead certain monies owed for cable service, state as follows:

### The Parties

1.    Plaintiff Great Eastern Resort Management, Inc. ("GERM") is a Virginia corporation with its principal place of business in Virginia.

2. GERM is the repository of payments for television cable signal and services received by various recreational facilities, business operations, and owners of timeshare condominium units at a mountainside resort facility known generally as Massanutten Resort in McGaheysville, Virginia ("Massanutten"). GERM has management contracts with the Woodstone Time-Share Owners Association, Shenandoah Villas Owners Association, The Summit at Massanutten Owners Association, Regal Vistas at Massanutten Owners Association, and Eagle Trace Owners Association (collectively, "HOAs") and receives payments from the HOAs for cable services received by their respective property owner members. Each of the HOAs is a Virginia non-stock corporation with its principal place of business in Virginia. GERM also receives cable signal and services with respect to various other lodging, business and recreational facilities that it manages. Traditionally, GERM remits a single payment monthly to Resort Cable and East Coast Cablevision for the cable signal and services collectively rendered to GERM and to the HOAs at Massanutten by Resort Cable and East Coast Cablevision.

3. Upon information and belief, defendant Sky Cable is a Virginia limited liability company with its principal place of business in Elkton, Virginia. Upon information and belief, defendant Saylor is an individual whose principal residence is in Rockingham County, Virginia and is a principal member and manager of Sky Cable. The interests of Sky Cable and Saylor are aligned with respect to this interpleader and shall be referred to collectively as the "Sky Cable Group."

4. On information and belief, East Coast is a Delaware limited liability company and has its principal place of business in Wake County, North Carolina. On information and belief, Resort Cable is either (i) a South Carolina limited liability company that has its principal place of business in Wake County, North Carolina, or (ii) a fictitious name used by East Coast

for its business operations at Massanutten. On information and belief, Coley is an individual with his principal residence in North Carolina. On information and belief, Coley is a principal member and manager of both Resort Cable and East Coast. The interests of Resort Cable, East Coast and Coley are aligned with respect to this interpleader and shall be referred to collectively as the "Resort Cable Group."

5. Defendant DirecTV is incorporated in the state of California and has its principal place of business in California.

## Jurisdiction and Venue

6. This action involves entitlement to payments for cable television and internet services provided to GERM and the HOAs at Massanutten in an amount estimated due for the period July 1, 2011 through November 30, 2011, of $189,968. The defendants are adverse claimants in this action although upon information and belief, the interests of one or more of them are aligned as indicated above.

7. As a result of the foregoing, there are two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332 and, therefore, the minimum diversity requirements of 28 U.S.C. §1335 are met.

8. This Court has jurisdiction over this action under 28 U.S.C. § 1335 because this is a civil action of interpleader filed by a corporation having in its custody or possession money of the value of $500.00 or more and there are two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, that are claiming or may claim to be entitled to such money. Further, pursuant to 28 U.S.C. § 1335(a)(2), GERM is depositing the money owed into the registry of the Court.

9.   Venue is proper in this Court under 28 U.S.C. § 1397 because the Resort Cable Group has provided cable services to GERM and the HOAs at Massanutten in Rockingham County, Virginia, which is in this judicial district.  Venue is proper in this Court under Local Rule I 2(a)(5) because it includes Rockingham County, Virginia.

### Statement of the Claim

10.   Since 1999, the Resort Cable Group has provided cable television service connections and maintenance to GERM and to the HOAs under an at-will contract.  The content for the cable television services were ultimately provided through the facilities of DirecTV.  It was the understanding of GERM and the HOAs that the Resort Cable Group was authorized by DirecTV to download its signal to supply such content to the properties at Massanutten.  Over time, as more property units were constructed at Massanutten, the Resort Cable Group would add additional cable equipment through an easement granted by Massanutten property owners across their properties.

11.   On June 9, 2011, the Sky Cable Group instituted an action in this Court (*Sky Cable, LLC, et al. v. Massanutten Resort, LC, et a.*, Case 5:11-cv-00048-MFU) ("Related Litigation") against GERM, the HOAs, the Resort Cable Group, DirecTV, and others claiming that certain federal laws were breached with respect to the provision of DirecTV content by the Resort Cable Group to the various properties at Massanutten ("Sky Cable Litigation").  The members of the Sky Cable Group have sought, among other things, fees to which they believe they are due as authorized DirecTV service providers from the amounts paid by GERM to the Resort Cable Group for DirecTV service provided to Massanutten property owners since 1999.

12.   During informal discovery in the Sky Cable Litigation it was determined that the Resort Cable Group has been receiving monthly payments from GERM for cable television

service and receipt of the DirecTV signal by Massanutten property owners since inception of the service in 1999 but has failed to remit payments due to DirecTV for such services. Moreover, from the information received during this informal discovery, it appears that Resort Cable (1) used deception to induce GERM to believe that Resort Cable was authorized to provide cable signal to the units GERM managed when, in fact, it was never so authorized; (2) used deception to induce GERM and the HOAs to grant to East Coast an easement across their properties for the installation of cable facilities; and (3) failed to advise DirecTV that it was providing services for more units at the Resort than it was remitting payment to DirecTV in violation of federal and state law. Unaware of this deception, GERM and the HOAs have granted an easement to East Coast and have paid to the Resort Cable Group a certain dollar amount per month for each Massanutten property unit provided cable signal and services by the Resort Cable Group. Currently, the amount is $16 per unit per month. Since 1999, the Resort Cable Group has been paid over $3.5 million in cable charges by GERM that was in turn due to DIRECTV but which was not remitted.

   13. Upon discovering in June 2011 during the Sky Cable Litigation that the Resort Cable Group had not been remitting to DirecTV payments made by GERM for the provision of cable services to Massanutten properties, GERM stopped paying the Resort Cable Group invoices. Instead, GERM has been setting aside the amounts otherwise due until determination can be made as to the proper party to pay. The defendants have asserted competing claims to these sums.

   14. On October 25, 2011, GERM remitted to its counsel the sum of $189,968 for retention in escrow. This sum reflects the total charges due from the Massanutten property

owners for the cable services provided through the Resort Cable Group for the period July 1, 2011 through November 30, 2011.

15. The Resort Cable Group has threatened to stop providing maintenance and repair services to Massanutten, and to stop providing installation and hook-up services for new property units at Massanutten, unless GERM continues to make monthly payments to it notwithstanding the fact that the Resort Cable Group has not been remitting monies to DirecTV. On several recent occasions, Resort Cable Group has failed to provide timely and required maintenance to the Massanutten cable system.

16. As the ultimate provider of the cable services to these units at Massanutten, DirecTV has not been paid by the Resort Cable Group. While it has recognized that GERM has paid past invoices to the Resort Cable Group in good faith, DirecTV claims an interest in the monies withheld by Massanutten since July 2011.

17. As reflected in its claims in the Related Litigation, the Sky Cable Group claims that it is entitled to commissions from some or all of the payments withheld by GERM for cable services provided to Massanutten property owners since July 2011.

18. In order to avoid paying the wrong party or paying for the same services more than once, GERM desires to pay the amounts due under the invoices from the Resort Cable Group as well as the estimated amounts due since receipt of such invoices (collectively "Cable Service Payments") into the registry of the Court. A breakdown of the amounts held by GERM invoiced by Resort Cable for July and August 2011 as well as amounts estimated to be due through the month of November, 2011 are attached as Exhibit A. The amount totals $189,968. This includes amounts for property units added subsequent to the July invoice.

19.     Simultaneously with the filing of this Complaint, GERM is tendering the amounts due for cable service as shown on Exhibit A for deposit into the registry of this Court, pursuant to 28 U.S.C. § 1335(a)(2).

WHEREFORE, the plaintiffs request that:

1.      Pursuant to 28 U.S.C. § 2361, that unless service of process is waived, this Court issue its process for all defendants, make such process returnable at such time as this Court or Judge thereof directs, and have such process be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found;

2.      Pursuant to 28 U.S.C. § 1335(a)(2), grant GERM leave to deposit the Cable Service Payments into the registry of this Court, and for this Court to hold the Cable Service Payments in an interest-bearing account;

3.      Pursuant to 28 U.S.C. § 1335(a)(2), grant GERM leave to deposit future deposits of Cable Service Payments for months subsequent to November, 2011, until the earlier of (1) the termination of cable signal to Massanutten by DirecTV, (2) the termination of the at-will contract between the Resort Cable Group and GERM, or (3) the termination of this interpleader action, and for this Court to hold the Cable Service Payments in an interest-bearing account;

4.      Pursuant to 28 U.S.C. § 2361, enter an Order restraining and enjoining defendants from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument, or obligation involved in this interpleader action until further order of this Court;

5.      Pursuant to 28 U.S.C. § 2361, this Court hear and determine the case;

6.      This Court grant plaintiffs an award of their attorney's fees and interpleader costs and expenses from the interpleaded Cable Service Payments;

7. Pursuant to 28 U.S.C. § 2361, this Court discharge plaintiffs from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment; and

8. This Court provide such further relief as this Court deems appropriate.

Respectfully submitted,

GREAT EASTERN RESORT MANAGEMENT, INC., WOODSTONE TIME-SHARE OWNERS ASSOCIATION, SHENANDOAH VILLAS OWNERS ASSOCIATION, THE SUMMIT AT MASSANUTTEN OWNERS ASSOCIATION, REGAL VISTAS AT MASSANUTTEN OWNERS ASSOCIATION, and EAGLE TRACE OWNERS ASSOCIATION

By Counsel

_____
Warren David Harless (VSB No. 20816)
Email: wharless@cblaw.com
Paul W. Jacobs, II (VSB No. 16815)
Email: pjacobs@cblaw.com
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4100 - phone
(804) 697-4112 – fax

Counsel for the Plaintiffs

1205834